UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAZEL GREEN RANCH, LLC, a Delaware limited liability company, | 1:07-cv-0414 OWW SMS |
| | SCHEDULING CONFERENCE ORDER |
| Plaintiff, | Discovery Cut-Off: 7/15/08 |
| v. | Non-Dispositive Motion Filing Deadline: 7/25/08 |
| UNITED STATES DEPARTMENT OF THE INTERIOR, DIRK KEMPTHORNE, IN HIS CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, MARY A BOMAR, IN HER CAPACITY AS DIRECTOR, NATIONAL PARK SERVICE, MICHAEL J. TOLLEFSON, IN HIS CAPACITY AS SUPERINTENDENT, YOSEMITE NATIONAL PARK, | Dispositive Motion Filing Deadline: 8/15/08 |
| | Settlement Conference Date: 7/22/08 10:00 Ctrm. 7 |
| | Pre-Trial Conference Date: 10/27/08 11:00 Ctrm. 3 |
| Defendants. | Trial Date: 12/9/08 9:00 Ctrm. 3 (CT-8 days) |
| SIERRA CLUB, et al., | |
| Intervenors. | |

I.  Date of Scheduling Conference.

   September 6, 2007.

II. Appearances Of Counsel.

   Fulbright & Jaworski LLP, by Martin L. Pitha, Esq., appeared on behalf of Plaintiff.

1

Bruce Bernard, Esq., and Barbara Goodyear, Esq., appeared on behalf of the Federal Defendants.

Gregory C. Loarie, Esq., and George M. Torgun, Esq., appeared on behalf of the Intervenors.

III. Summary of Pleadings.

**HGR's Position**:

1. HGR alleges its right of entry and easement rights under, *inter alia*, R.S. 2477, the Federal Quiet Title Act, and other separate and independent grounds in the Coulterville Road and Crane Flat Road (collectively, the "Roads") which traverse its property, Hazel Green. That property is located in Mariposa County on the western border of Yosemite National Park (the "Park").

2. The Roads, which have been mechanically constructed, have existed and been used historically since the late 1800s to provide stage coach and motor vehicle access to the Yosemite Valley Floor and today intersect with the realigned Big Oak Flat Road in two places shortly after leaving Hazel Green. The realigned Big Oak Flat Road (also known as Highway 120) is today the primary northern and western access route into the Park. The Roads, and particularly the segments as they leave Hazel Green and intersect with the realigned Big Oak Flat Road, were constructed pursuant to the authority granted by Congress in R.S. 2477 and before its repeal. See 43 U.S.C. § 932.

**Defendants' Position**:

3. Defendants assert that HRG has not alleged facts that establish its claimed interest in the alleged rights-of-way and that HGR fails to set forth, with the required particularity, the

2

nature of the right, title, and interest claimed by HGR. Defendants assert that the locations and the claimed uses for which interests in the alleged rights-of-way are claimed to have been perfected are not described with sufficient particularity to allow the United States to understand with certainty the routes and uses that HGR is claiming.  Defendants allege that the two claimed routes have not been continuously used since the late 1800s and that the Crane Flat Cut-Off Route was not used for motorized vehicle travel at any point in time.  Defendants allege that HGR does not have rights under state law to re-establish or use the claimed routes for motorized travel because the routes have been abandoned, extinguished, or otherwise lost.  Defendants allege that HGR does not have standing to assert the claimed interests in alleged rights-of-way under R.S. 2477 or the Quiet Title Act, that the claims set forth in the Complaint fail to state a claim upon which relief can be granted, and that the claims are time-barred under the Quiet Title Act.

IV.   Orders Re Amendments To Pleadings.

<u>HGR's Position</u>:

1.   HGR does not anticipate amending its Complaint. Defendants suggest other parties should be joined (see below), but those other parties have not objected to any claimed interest in the roads at issue by HGR and, in fact, the U.S.D.A.'s own maps reflect the Coulterville Road as a county road, not a federally-owned road.  Nonetheless, should events warrant, HGR reserves its right to amend its Complaint.

<u>Defendants' Position</u>:

2.   Defendants allege that, depending on the locations of

3

the alleged rights-of-way in which HGR claims an interest, HGR may have failed to join indispensable parties, the U.S. Department of Agriculture ("U.S.D.A.") and the U.S. Forest Service ("Forest Service").  While Defendants do not presently anticipate amending their Answer, if HGR moves to amend its Complaint to join the U.S.D.A. and the Forest Service, Defendants will need to amend their Answer.

**The Court**:

3.   The Federal Defendants contend that the United States Department of Agriculture and the U.S. Forest Service are the owners of lands over which the claimed right-of-ways run. Accordingly, they will assert that Federal Rule of Civil Procedure 19 requires their joinder.  The government takes the further position that because lands over which rights-of-way are claimed are owned by the United States, as sovereign, that the United States, in its sovereign capacity, is a required Defendant.

4.   Plaintiff shall have thirty (30) days, through and including October 9, 2007, to file any amended complaint or to obtain a stipulation to the filing of the amended complaint to join any additional parties.

V.   Factual Summary.

A.   Admitted and Contested Facts.

**HGR's Position**:

1.   HGR submits that the historical facts concerning the Roads, including but not limited to their creation, existence, and use, are uncontested, and HGR anticipates that it and Defendants will ultimately be able to agree to all or a

4

substantial portion of said facts.  Facts which the Defendants apparently contest include the condition of the Hazel Green property, the content of certain discussions between HGR and government representatives, the exclusivity of certain historical rights in the Roads, and ownership of the Coulterville Road (which historically and today includes the Crane Flat segment).

      <u>Defendants' Position</u>:

      2.   Defendants submit that there are a number of contested facts concerning the location, period of use, types of use, and existence of the claimed routes.  Defendants, nevertheless, concur that the parties will likely be able to reach agreement on some of the relevant facts.  Defendants assert that, although issues concerning prior discussions between HGR and Defendants are irrelevant, there is disagreement concerning the nature of prior discussions between representatives of HGR and the Department of the Interior and National Park Service officials.  Defendants further assert that, if it is determined that the routes still exist, there is disagreement concerning ownership of the routes.

VI.  Legal Issues.

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1331.

        2.   Venue is proper under 28 U.S.C. § 1391.

        3.   As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision.

    B.   Contested.

        1.   HGR's rights-of-way in the Roads.

5

```
 1              2.   HGR's right to mandamus.
 2              3.   Defendants allege that disputed legal issues
 3   include whether HGR has standing to claim its asserted interest
 4   in the alleged rights-of-way.
 5              4.   Whether the Court has jurisdiction over the
 6   interests claimed by HGR.
 7              5.   The validity of HGR's claims under R.S. 2477 and
 8   under state law.
 9   VII. Consent to Magistrate Judge Jurisdiction.
10        1.   The parties have not consented to transfer the
11   case to the Magistrate Judge for all purposes, including trial.
12   VIII.     Corporate Identification Statement.
13        1.   Any nongovernmental corporate party to any action in
14   this court shall file a statement identifying all its parent
15   corporations and listing any entity that owns 10% or more of the
16   party's equity securities.  A party shall file the statement with
17   its initial pleading filed in this court and shall supplement the
18   statement within a reasonable time of any change in the
19   information.
20   IX.  Discovery Plan and Cut-Off Date.
21        A.   Jurisdictional Motions.
22        1.   The parties shall have through and including October
23   19, 2007, to file motions directed to subject matter or personal
24   jurisdiction and related dispositive issues which can be decided
25   without evidence.  Any responses shall be filed on or before
26   November 9, 2007.  Any replies shall be filed on or before
27   November 19, 2007.  The motions will be heard on December 10,
28   2007, at 10:00 a.m.  Time for extended oral argument is reserved.
```

    2.    The parties are ordered to complete all non-expert discovery on or before December 17, 2007.

    3.    Additional motions shall be filed on or before January 28, 2008.  Any responses shall be filed on February 25, 2008.  All replies shall be filed on or before March 10, 2008.  The hearing on those motions shall be March 24, 2008, at 10:00 a.m. with time for extended oral argument reserved.

    4.    The parties are directed to disclose all initial expert witnesses, in writing, on or before April 15, 2008.  Any supplemental or rebuttal expert disclosures will be made on or before May 15, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.    The parties are ordered to complete all discovery, including expert discovery, on or before July 15, 2008.

    6.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any

7

1  discovery motions, will be filed on or before July 25, 2008, and
2  heard on August 29, 2008, at 9:00 a.m. before Magistrate Judge
3  Sandra M. Snyder in Courtroom 7.
4        2.   In scheduling such motions, the Magistrate
5  Judge may grant applications for an order shortening time
6  pursuant to Local Rule 142(d).  However, if counsel does not
7  obtain an order shortening time, the notice of motion must comply
8  with Local Rule 251.
9        3.   All Dispositive Pre-Trial Motions are to be
10 filed no later than August 15, 2008, and will be heard on
11 September 22, 2008, at 10:00 a.m. before the Honorable Oliver W.
12 Wanger, United States District Judge, in Courtroom 3, 7th Floor.
13 In scheduling such motions, counsel shall comply with Local Rule
14 230.
15 XI.  Pre-Trial Conference Date.
16      1.   October 27, 2008, at 11:00 a.m. in Courtroom 3, 7th
17 Floor, before the Honorable Oliver W. Wanger, United States
18 District Judge.
19      2.   The parties are ordered to file a Joint Pre-
20 Trial Statement pursuant to Local Rule 281(a)(2).
21      3.   Counsel's attention is directed to Rules 281
22 and 282 of the Local Rules of Practice for the Eastern District
23 of California, as to the obligations of counsel in preparing for
24 the pre-trial conference.  The Court will insist upon strict
25 compliance with those rules.
26 XII. Trial Date.
27      1.   December 9, 2008, at the hour of 9:00 a.m. in Courtroom
28 3, 7th Floor, before the Honorable Oliver W. Wanger, United

1  States District Judge.
2       2.    This is a non-jury trial.
3       3.    Counsels' Estimate Of Trial Time:
4             a.    8 days.
5       4.    Counsels' attention is directed to Local Rules
6  of Practice for the Eastern District of California, Rule 285.
7  XIII.   Settlement Conference.
8       1.    A Settlement Conference is scheduled for July 22, 2008,
9  at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M.
10 Snyder, United States Magistrate Judge.
11      2.    Unless otherwise permitted in advance by the
12 Court, the attorneys who will try the case shall appear at the
13 Settlement Conference with the parties and the person or persons
14 having full authority to negotiate and settle the case on any
15 terms at the conference.
16      3.    Permission for a party [not attorney] to attend
17 by telephone may be granted upon request, by letter, with a copy
18 to the other parties, if the party [not attorney] lives and works
19 outside the Eastern District of California, and attendance in
20 person would constitute a hardship.  If telephone attendance is
21 allowed, the party must be immediately available throughout the
22 conference until excused regardless of time zone differences.
23 Any other special arrangements desired in cases where settlement
24 authority rests with a governing body, shall also be proposed in
25 advance by letter copied to all other parties.
26      4.    Confidential Settlement Conference Statement.
27 At least five (5) days prior to the Settlement Conference the
28 parties shall submit, directly to the Magistrate Judge's

9

chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

   <u>HGR's Position</u>:

     1.   The trial length may increase if other parties

10

1 intervene.  Otherwise, Plaintiff perceives no bifurcation issues.
2 Plaintiff does not agree with Defendants' suggested schedule or
3 approach regarding jurisdictional issues, as set forth further
4 above, because such issues can and should be resolved earlier in
5 this litigation.

     **Defendants' Position**:

     2.   Defendants do not now request, and do not anticipate
requesting, bifurcation or phasing of trial.  Defendants wish to
focus initial discovery and pre-trial motions on jurisdictional
issues so that there may be a round of motions, briefing and
hearing on jurisdictional issues, that could, if necessary, be
followed by a round of other dispositive motions directed towards
the merits of the claims.

**XV.  Related Matters Pending.**

     1.   There are two other Quiet Title Act actions concerning
alleged R.S. 2477 rights-of-way pending in the Eastern District:
(1) *County of Inyo v. Department of the Interior, et al.*, civil
action no. 1:06-cv-1502 AWI; and (2) *Friends of the Panamint
Valley, et al., v. Dirk Kempthorne, et al.*, civil action no.
1:07-cv-487 LJO.  There is another Quiet Title Act action
concerning alleged R.S. 2477 rights-of-way pending in the Central
District of California:  *San Bernardino County v. United States*,
civil action no. 06-cv-1179 (Judge Phillips).  There are also a
number of Quiet Title Act actions concerning alleged R.S. 2477
rights-of-way pending in the District Courts within the Tenth
Circuit and in the D.C. Circuit.  None of these cases involve the
alleged rights-of-way at issue here.

*///*

**XVI. Compliance With Federal Procedure.**

    1.  The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVII.     Effect Of This Order.**

    1.  The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.  Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   September 7, 2007              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE