UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIPOSA COUNTY, a political subdivision of the State of California, and HAZEL GREEN RANCH, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　　　　Defendants. | 1:07-cv-0414 OWW SMS<br><br>**AMENDED SCHEDULING CONFERENCE ORDER**<br><br>**Opposition to Current Motion to Dismiss Due: 10/9/09**<br><br>**Reply to Current Motion to Dismiss Due: 10/21/09**<br><br>**Hearing on Current Motion to Dismiss: 11/23/09 (was 10/26/09) 10:00 Ctrm. 3**<br><br>**Discovery Cut-Off: 7/30/10**<br><br>**Non-Dispositive Motion Filing Deadline: 8/16/10**<br><br>**Dispositive Motion Filing Deadline: 9/15/10**<br><br>**Oppositions to Dispositive Motions Due: 10/15/10**<br><br>**Replies to Dispositive Motions Due: 11/8/10**<br><br>**Hearing Date for Dispositive Motions: 11/29/10 10:00 Ctrm. 3**<br><br>**Settlement Conference Date: 8/4/10 10:00 Ctrm. 7** |

|  |  |
|---|---|
|  | **Pre-Trial Conference Date: 1/3/11 11:00 Ctrm. 3** |
|  | **Trial Date: 2/15/11 9:00 Ctrm. 3 (CT-10 days)** |

**I.   Date of Scheduling Conference.**

   June 25, 2009.

**II.  Appearances Of Counsel.**

   Abbott & Kinderman, LLP by Glen C. Hansen, Esq., appeared on behalf of Plaintiff Mariposa County.

   Smith Lillis Pitha LLP by Martin L. Pitha, Esq., appeared on behalf of Plaintiff Hazel Green Ranch, LLC.

   Bruce D. Bernard, Esq., appeared on behalf of Defendant United States Department of the Interior, Ken L. Salazar, National Park Service, Daniel N. Wenk, David V. Uberuaga, United States Department of Agriculture, Tom Vilsack, U.S.D.A. Forest Service, Gail Kimbell, and United States of America.

   Deborah Reems, Esq., intended to appear on behalf of Defendant-Intervenors Sierra Club, Natural Resources Defense Counsel and The Wilderness Society, however, Ms. Reems has not been reachable by phone and due to the press of business on the Court's calendar, the Scheduling Conference must go forward.

**III. Summary of Pleadings.**

   <u>Plaintiffs' Position</u>:

   1.   HGR alleges its right of entry and easement rights in the Coulterville Road and Crane Flat Road (collectively, the "Roads") which traverse its property, Hazel Green.  That property is located in Mariposa County on the western border of Yosemite National Park (the "Park").  The roads, which have been

mechanically constructed, have existed and been used historically since the late 1800s to provide stage coach and motor vehicle access to the Yosemite Valley Floor and today intersect with the realigned Big Oak Flat Road (also known as Highway 120) in two places shortly after leaving Hazel Green.  The realigned Big Oak Flat Road is today the primary northern and western access route into the Park.  HGR's claims under the Quiet Title Act are state law claims for easement by necessity and easement by use.

2.   Mariposa County alleges an ownership right, title, and interest in the roads based on the Quiet Title Act and R.S. 2477. (The Roads, and particularly the segments as they leave Hazel Green and intersect with the realigned Big Oak Flat Road, were constructed pursuant to the authority granted by Congress in R.S. 2477 and before its repeal.  See 43 U.S.C. § 932.)

**Defendants' Position**:

3.   Defendants allege that Mariposa County's claims for rights-of-way under R.S. 2477 (Claims 1 and 2) fail to meet the Quiet Title Act's requirement that Plaintiff pled with particularity the interest claimed by the County and the circumstances under which the County alleges it acquired any such claimed interest, and fail to state a claim upon which relief can be granted. Specifically, the County fails to: (1) allege which portions of the roads that the County claims to own and how it claims to have acquired rights-of-way for any such road segments; (2) identify the specific locations of the roads it alleges were constructed as highways pursuant to R.S. 2477 and how those roads were realigned over time as alleged in the complaint; and (3) allege that the lands over which the claimed roads were

3

constructed constituted public lands, not reserved for public uses, as of the dates the roads were completed.

4.   Defendants allege that HGR's claims for implied private easements of necessity under the 1888 Halstead patent (Claims 3 and 4) fail to state a claim upon which relief can be granted. The patent does not contain language clearly and expressly granting the claimed easements. Nor does HGR allege that its predecessors lacked access to Hazel Green Ranch in 1888, or that HGR lacks access to the Ranch today, in the absence of the claimed private easements.

5.   Defendants allege that HGR's claims for "implied easements by use" (Claims 5 and 6) fail to meet the requirement of the Quiet Title Act that a plaintiff plead with particularity the circumstances under which the claimed easements are alleged to have been acquired, and fail to state a claim upon which relief can be granted. To the extent the claims are based on patent, the patent lacks the clear and explicit language necessary to convey the claimed easements. To the extent the claims are based on prescription, prescriptive rights cannot be obtained against the government. Even if prescription were a viable legal theory to assert against the government, the required element that the claimed use must have been "hostile" cannot be established as to these alleged public toll roads.

6.   Defendants further allege that the two claimed roads have not been continuously used since the late 1800s. Defendants allege that the portion of the claimed Crane Flat Road from Hazel Green to the Big Oak Flat Road (aka Highway 120) has been closed to motorized vehicles for over 40 years. Defendants likewise

4

allege that the portion of the claimed Coulterville Road from the point where it intersects with Moss Canyon Truck Route just east of Ned Gulch (see Ex. 22 to Third Amended Complaint), to the Park boundary at Twin Bridges (most of which is now part of the foot trail know as the Merced Grove Trail), has also been closed to motorized vehicles for over 50 years.  Defendants allege that HGR has never had any right in the claimed roads.  Defendants allege that any rights the County may have once had in the claimed roads has been abandoned, extinguished or otherwise lost, and the County does not have the right to reestablish the claimed roads for vehicle use.  Defendants further allege that the portion of the claimed Coulterville Road from the point it intersects with Moss Canyon Truck Trail just east of Ned Gulch (see Ex. 22 to Third Amended Complaint), to the Big Oak Flat Road (aka Highway 120), was not constructed until the 1930s when the lands traversed by the road were in private ownership and that road segment therefore could not have been constructed as a highway pursuant to R.S. 2477.

IV.  Orders Re Amendments To Pleadings.

   **Plaintiffs' Position:**

   1.   Plaintiffs do not anticipate amending its Complaint at this time.  However, HGR notes that a paved, two-laned road from Highway 120 (constructed in modern times) towards the general direction of Hazel Green (which appears on contemporary maps of the area and which exists to the west of Hazel Green [see, e.g., Third Amended Complaint, Exhibit 16]) has recently been closed by Defendants.  HGR reserves its right to amend the Third Amended Complaint to address this change in facts (which occurred after

5

the filing of its Third Amended Complaint).

**Defendants' Position**:

2.    Defendants assert that HGR should be given no further opportunity to amend its complaint.  HGR has amended its complaint three times previously.  The last two amended complaints were filed after the Court dismissed all of HGR's claims.  See Memorandum and Decision Re Granting Federal Defendants' Motion to Dismiss (Doc. 80); Memorandum Decision Re: Federal Defendants' Motion to Strike and/or Dismiss the Second Amended Complaint (Doc. 97) ("Order Dismissing Second Amended Complaint").  In its Order Dismissing Second Amended Complaint, the Court observed that "HGR's equivocation regarding the nature and origin of any claimed property interest in the roads raises doubts whether, after two opportunities, Plaintiff can allege a federally enforceable real property interest in the two roads."  Order Dismissing Second Amended Complaint at 27.  The Court, nevertheless, concluded that HGR would be afforded "one final opportunity" to articulate a claim based on possession of a property interest cognizable under the Quiet Title Act.  Id.

3.    As discussed above, HGR's claims to implied easements by necessity fail to state a claim because HGR does not allege that Halstead lacked access to Hazel Green Ranch in 1888, or that HGR lacks access to the Ranch today, in the absence of the claimed private easements for routes directly into Yosemite National Park.  HGR has again failed to allege the elements of claims cognizable under the Quiet Title Act and HGR should be given no further opportunity to amend its complaint.

4.    Moreover, any further amendments to HGR's claims for

6

easements by necessity will be futile.  See Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).  HGR's predecessors had, and HGR currently has, access to Hazel Green. HGR's allegation that a road traveling west from Highway 120 towards Hazel Green has recently been closed by Defendants is both misleading and irrelevant.  HGR's allegation apparently concerns one of HGR's accesses to Hazel Green over a paved Forest Service road that may temporarily be closed due to a wash-out. The fact that HGR identifies that road as an excess route to Hazel Green highlights the fact that access is not dependent on the claimed private easements for routes to the east, directly into Yosemite National Park.  HGR has access to Hazel Green, including over the Coulterville Road from the town of Coulterville, as well as over Forest Service roads from Highway 120.  These routes remain open to the public other than as occasionally closed due to adverse weather or road conditions. Granting HGR leave to amend so that it can incorporate allegations concerning one of the access routes to Hazel Green from the west, that may be temporarily closed, would therefore be futile.  HGR has not and cannot allege that it has no access to Hazel Green in the absence of its claimed easements by necessity for routes to the west, directly into Yosemite National Park.

     5.   In sum, Defendants urge the Court to stand by its order that HGR had "one last opportunity" to amend its complaint and to deny any motion for leave to amend that HGR may file in this action.

///
///

**V.   Factual Summary.**

   **A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

<u>Plaintiffs' Position</u>:

1.   Plaintiffs submit that the historical facts concerning the Roads, including but not limited to their creation, existence, and use, are uncontested, and Plaintiffs anticipate that they and Defendants will ultimately be able to agree to all or a substantial portion of said facts.  Facts which the Defendants apparently contest include the condition of the Hazel Green property, the content of certain discussions between HGR and government representatives, the exclusivity of certain historical rights in the Roads, and ownership of the Coulterville Road (which historically and today includes the Crane Flat segment).

<u>Defendants' Position</u>:

2.   While Defendants concur that the parties will likely be able to reach agreement on some of the relevant facts, there are a number of contested facts concerning the location, period of use, and existence of the claimed roads.  Defendants allege that the Third Amended Complaint fails to identify the location of the original highways claimed to have been constructed by 1874 with the required specificity to meet the Quiet Title Act's particularity requirement.  Defendants further assert that Plaintiffs have not identified the subsequent realignments of the original roads that Plaintiffs assert have occurred over time.  Defendants allege that the portion of the claimed Crane Flat Road from Hazel Green to the Big Oak Flat Road

8

(aka Highway 120) was never part of the Coulterville Road and was not constructed until the 1930s when the lands traversed by this road were privately-owned.

       3.    Defendants assert that, although issues concerning prior discussions between HGR and Defendants are irrelevant, there is disagreement concerning the nature of prior discussions between representatives of HGR and the Department of the Interior and National Park Service officials.  Defendants assert that major portions of the claimed roads have been abandoned and closed for decades.  Defendants allege that the portions of the roads open within Yosemite National Park are owned by the United States.

    B.    Contested Facts.

       1.    The remaining facts are contested.

VI.    Legal Issues.

    A.    Uncontested.

       1.    Jurisdiction exists under 28 U.S.C. § 1331.

       2.    Venue is proper under 28 U.S.C. §§ 1343 and 1391.

       3.    To the extent supplemental claims are made under 28 U.S.C. § 1367 the substantive law of the State of California applies.

    B.    Contested.

       <u>Plaintiffs' Position</u>:

       1.    The disputed legal issues are HGR's rights-of-way in the roads and Mariposa County's ownership of the roads, which the Defendants contest.

       <u>Defendant's Position</u>:

       The disputed legal issues include:

9

1          2.   Whether the County's claims for rights-of-way
2    under R.S. 2477 (Claims 1 and 2) meet the Quiet Title Act's
3    requirements that Plaintiff plead with particularity the interest
4    claimed and the circumstances under which the claimed interest is
5    alleged to have been acquired.  See 28 U.S.C. § 2409a(d).
6          3.   Whether the County's claims state a claim upon
7    which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).
8          4.   Whether a county can own a public highway or an
9    R.S. 2477 right-of-way established in another county.
10         5.   Whether HGR's claims for implied private easements
11   of necessity under the 1888 Halstead patent (Claims 3 and 4)
12   state a claim upon which relief can be granted.  See Fed. R. Civ.
13   P. 12(b)(6).
14         6.   Whether the 1888 Halstead patent contains language
15   clearly and expressly granting the claimed easements.
16         7.   Whether HGR alleges the elements of an implied
17   easement of necessity.
18         8.   Whether HGR's claims for "implied easements by
19   use" (Claims 5 and 6) meet Quiet Title Act requirement that
20   Plaintiff plead with particularity the circumstances under which
21   the claimed easements are alleged to have been acquired.  See 28
22   U.S.C. § 2409a(d).
23         9.   Whether HGR's claims for "implied easements by
24   use" state a claim upon which relief can be granted.  See Fed. R.
25   Civ. P. 12(b)(6).
26         10.  To the extent HGR's claims for "implied easements
27   by use" are based on patent, whether the patent contains clear
28   and explicit language necessary to convey the claimed easements.

10

11. To the extent HGR's claims for "implied easements by use" are based on prescription, whether prescriptive rights can be obtained against the government and, if so, whether claimed use of alleged public toll roads meet the requirement that the claimed use must have been "hostile."

12. Whether any or all of the claims asserted are barred by the Quiet Title Act's statute of limitations. See 28 U.S.C. § 2409a(g).

13. Whether some or all of the claims asserted are barred by the doctrines of abandonment, estoppel, waiver, extinguishment, nonuser, or adverse possession.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Pending Motion.

1. Defendant United States has filed a Motion to Dismiss set for hearing on October 26, 2009. The response of Plaintiffs to that Motion shall be filed by October 9, 2009. The government's reply shall be filed on or before October 21, 2009. November 23, 2009, will be the hearing date on the current

11

pending Motion to Dismiss the Complaint.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties are ordered to complete all non-expert discovery on or before March 31, 2010.

    2.   The parties are directed to disclose all expert witnesses, in writing, on or before April 30, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before May 31, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The parties are ordered to complete all discovery, including experts, on or before July 30, 2010.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before August 16, 2010, and heard on September 17, 2010, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3. All Dispositive Pre-Trial Motions are to be filed no later than September 15, 2010. All oppositions shall be filed by October 15, 2010. All replies shall be filed on or before November 8, 2010. The hearing will be heard on November 29, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

1. January 3, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked

13

with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   February 15, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a non-jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   7-10 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for August 4, 2010, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement

14

authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past

15

settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None necessary at this time.

XVI. Related Matters Pending.

    1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.      Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **July 2, 2009**                              **/s/ Oliver W. Wanger**
                                                UNITED STATES DISTRICT JUDGE